Receipt Number

543 257

# UNITED STATES DISCRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KENNETH EID,

    Plaintiff,

vs.

SAINT-GOBAIN ABRASIVES, INC.,

    Defendant.
_____/

Case: 2:06-cv-12392
Assigned To: Zatkoff, Lawrence P
Referral Judge: Pepe, Steven D
Filed: 05-26-2006 At 11:20 AM
CMP KENNETHH EID V. SAINT GOBAIN AB
RASIVES INC (DA)

SOMMERS SCHWARTZ, P.C.
GERALD D. WAHL (P26511)
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan 48075-1100
(248) 746-4041
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, KENNETH EID, by and through his counsel, SOMMERS, SCHWARTZ, P.C., in order to complain against Defendant, SAINT-GOBAIN ABRASIVES, INC., for the following reasons:

### COMMON ALLEGATIONS

1.    That Plaintiff is a resident of Novi, Oakland County, Michigan, and is an adult citizen of the United States.

2.    That Defendant, SAINT-GOBAIN ABRASIVES, INC., is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Massachusetts, and is generally involved in the design, manufacture and sale of various industrial

abrasive products and was the employer of the Plaintiff within the meaning of the statutes described herein.

3. That jurisdiction and venue is appropriate to this Court as to those counts stating a federal basis for jurisdiction (Plaintiff having filed charges of discrimination with the EEOC within 180 days of the alleged discriminatory acts, and a Right-to-Sue letter being issued within the last 90 days); and diversity jurisdiction is claimed as to those state-related claims, there being in excess of $75,000 in controversy as to each state Count, exclusive of costs and fees, Plaintiff is a resident of the State of Michigan, and Defendant residing in a state other than Michigan.

4. Plaintiff's date of birth is June, 1958; his race, national origin and ethnicity is Arab-American.

5. Plaintiff began his employment with the Defendant and its corporate predecessors on or about August 24, 1981, was always involved in field sales, having achieved the position of Senior Account Manager for Defendant.

6. Plaintiff's sales were consistently high throughout his employment with Defendant, most notably exceeding his 2004 sales by 19% at the time of his termination, well ahead of other comparable sales employees (regional sales comparables averaged negative 3% in comparison to prior year), and had earned significant incentive bonuses as a result of his sales performance.

7. Defendant's stated reason for Plaintiff's discharge on or about September 6, 2005, was pretextual in order to mask illegal discrimination based on age, race, national origin, and ethnicity, i.e., Arab-American.

8. Beginning in January 2004, Plaintiff began reporting to a new Regional Manager, Pat Parker.

2

9. Mr. Parker repeatedly referenced, in a negative fashion, Plaintiff's ethnicity, at least in the following particulars:

    a. March 31 and/or April 1, 2004 – Parker, at a business meeting, announced that everyone should keep their distance at airports when traveling with Plaintiff;

    b. June 8, and/or June 9, 2004 – Parker made the same remarks, again, at a business meeting;

    c. August/September, 2004 – Parker told Plaintiff he was a "minority" and people of Plaintiff's ethnic background were beneficiaries of quotas and preferential treatment, expressed resentment he (Parker) could not obtain that same preferential treatment because of his status as a Caucasian American;

    d. December 2, 2004 – Parker pointedly told Plaintiff that if he had his way he'd deport every Arab out of the country, aggressively and with hostility, stating: "What do you think of that?", all stated while at a business meeting in front of both customers and other sales employees.

10. Plaintiff complained of these statements in meetings with Kip Patterson from Human Resources on or about February 23, 2005, resulting in Parker telling Plaintiff how upset he was that he had been accused of "being a racist," and again, cross-examining Plaintiff as to his ethnic and religious background.

11. Throughout 2005, Parker engaged in a campaign of character assassination by making statements to customers, such as "we're going to get rid of him," and attempts to solicit from customers negative comments regarding the Plaintiff.

12. Patterson, for his part, in spite of acknowledgement by Parker that he made such statements (witnessed by Patterson's report to Plaintiff that Parker had meant them in a "joking" fashion), pressed Plaintiff for witnesses to the statements, knowing Plaintiff would not disclose the names of each witness for fear of getting them in trouble at a time when said witnesses would not add any information to the acknowledgement by Parker of having made the statements.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300
2000 TOWN CENTER

13. Plaintiff was terminated, and although not directly replaced in his area, Defendant added salesmen in the western area of Michigan in order to allow coverage for Plaintiff's former area by hiring a new employee some twenty (20) years Plaintiff's junior, determining factors being the ages of Plaintiff and his replacement.

14. Plaintiff worked under an incentive compensation system.

15. On September 1, 2005, Plaintiff was told by Defendant's executive, David Ross, Plaintiff had earned $27,085 in commissions which to-date, have gone unpaid in spite of demand.

16. Plaintiff is entitled to the incentive commissions he had earned by virtue of his sales in 2005.

17. Defendant terminated Plaintiff's employment due to his ethnicity (race and national origin), and his having complained of discriminatory treatment.

## COUNT I – 42 USC §1981 – ETHNIC DISCRIMINATION

18. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations as though fully restated herein.

19. A determining factor in the decision to terminate Plaintiff's employment was his race/ethnicity, Arab-American.

20. Defendant acted in willful disregard of Plaintiff's federally protected rights, and were otherwise willful within the meaning of the statute.

21. As a consequence of Defendant's illegal acts as aforestated, Plaintiff has suffered economic losses and injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, reinstatement, punitive damages in an amount to be determined by the jury, interest, costs and attorneys' fees.

## COUNT II – TITLE VII – RACE DISCRIMINATION

22. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations and Paragraphs 19 through 21 of Count I as though fully restated herein.

23. A determining factor in the decision to terminate Plaintiff's employment was his race, Arab-American.

24. Defendant acted in willful disregard of Plaintiff's federally protected rights, and were otherwise willful within the meaning of the statute.

25. As a consequence of Defendant's illegal acts as aforestated, Plaintiff has suffered economic losses and injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, reinstatement, punitive damages in the amount of $300,000, interest, costs and attorneys' fees.

## COUNT III – MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT – RACE DISCRIMINATION

26. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations as though fully restated herein.

27. A determining factor in the decision to terminate Plaintiff's employment was his race, Arab-American.

28. As a consequence of Defendant's illegal acts as afore-stated, the Plaintiff has suffered economic losses and injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, reinstatement, money damages in excess of $75,000 plus interest thereon, costs and attorneys' fees.

## COUNT IV – NATIONAL ORIGIN DISCRIMINATION – TITLE VII

29. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations and Paragraphs 19 through 21 of Count I as though fully restated herein.

LAW OFFICES
SOMMERS SCHWARTZ, P.C. • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300
2000 TOWN CENTER

30. A determining factor in the decision to terminate Plaintiff's employment was his national origin, Arab-American.

31. Defendant acted in willful disregard of Plaintiff's federally protected rights, and were otherwise willful within the meaning of the statute.

32. As a consequence of Defendant's illegal acts as aforestated, Plaintiff has suffered economic losses and injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, reinstatement, punitive damages in the amount of $300,000, interest, costs and attorneys' fees.

## COUNT V – NATIONAL ORIGIN DISCRIMINATION – MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

33. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations as though fully restated herein.

34. A determining factor in the decision to terminate Plaintiff's employment was his national origin, Arab-American.

35. As a consequence of Defendant's illegal acts as afore-stated, the Plaintiff has suffered economic losses and injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, reinstatement, money damages in excess of $75,000 plus interest thereon, costs and attorneys' fees.

## COUNT VI – RETALIATION 42 USC §1981

36. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations as though fully restated herein.

37. A determining factor in the decision to terminate Plaintiff's employment was retaliation for his having complained of race discrimination.

6

38. Defendant acted in willful disregard of Plaintiff's federally protected rights, and were otherwise willful within the meaning of the statute.

39. As a consequence of Defendant's illegal acts as aforestated, Plaintiff has suffered economic losses and injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, reinstatement, punitive damages in an amount to be determined by the jury, interest, costs and attorneys' fees.

## COUNT VII – TITLE VII RETALIATION

40. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations as though fully restated herein.

41. A determining factor in the decision to terminate Plaintiff's employment was for his having complained of discrimination.

42. Defendant acted in willful disregard of Plaintiff's federally protected rights, and were otherwise willful within the meaning of the statute.

43. As a consequence of Defendant's illegal acts as aforestated, Plaintiff has suffered economic losses and injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, reinstatement, punitive damages in the amount of $300,000, interest, costs and attorneys' fees.

## COUNT VIII – RETALIATION UNDER MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

44. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations as though fully restated herein.

45. A determining factor in the decision to terminate Plaintiff's employment was his having complained of race discrimination.

7

46. As a consequence of Defendant's illegal acts as afore-stated, the Plaintiff has suffered economic losses and injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, reinstatement, money damages in excess of $75,000 plus interest thereon, costs and attorneys' fees.

### COUNT IX– AGE DISCRIMINATION/ADEA

47. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations as though fully restated herein.

48. A determining factor in the decision to terminate Plaintiff's employment was his age.

49. As a consequence of Defendant's illegal acts as afore-stated, the Plaintiff has suffered economic loss.

50. Defendant's actions were willful within the meaning of 29 USC §621 et seq.

WHEREFORE, Plaintiff prays for judgment against Defendant that is fair and equitable, reinstatement, money damages, liquidated damages, interest, costs and attorneys' fees.

### COUNT X– AGE DISCRIMINATION- ELCRA

51. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations as though fully restated herein.

52. A determining factor in the decision to terminate Plaintiff's employment was his age.

53. As a consequence of Defendant's illegal acts as afore-stated, the Plaintiff has suffered economic losses and injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, reinstatement, money damages in excess of $75,000 plus interest thereon, costs and attorneys' fees.

## COUNT XI – BREACH OF CONTRACT

54. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations as though fully restated herein.

55. Defendant breached its incentive bonus contract with Plaintiff, proximately causing him economic losses.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, money damages in excess of $75,000 plus interest thereon, costs and attorneys' fees.

## COUNT XII – UNJUST ENRICHMENT

56. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations as though fully restated herein.

57. Defendant has unjustly enriched itself by the retention of the incentive bonus it should have paid to Plaintiff.

58. Defendant's unjust enrichment of itself has proximately caused Plaintiff economic loss and injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, money damages in excess of $75,000 plus interest thereon, costs and attorneys' fees.

## COUNT XIII – QUANTUM MERUIT

59. Plaintiff incorporates herein by reference paragraphs 1 through 17 of the Common Allegations.

60. Plaintiff is entitled to the value of his services, having brought lucrative business opportunities to Defendant.

61. Defendant has wholly failed to pay Plaintiff the value of his services thereby proximately causing his economic losses.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, money damages in excess of $75,000 plus interest thereon, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

SOMMERS SCHWARTZ, P.C.

GERALD D. WAHL (P26511)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 746-4041

Dated: May 26, 2006

# CIVIL COVER SHEET

County in which this action arose **OAKLAND**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KENNETH EID

## DEFENDANTS
SAINT-GOBAIN ABRASIVES, INC.

(b) County Of Residence Of First Listed Plaintiff: **Oakland**
(EXCEPT IN U.S. PLAINTIFF CASES)

County Of Residence Of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

(c) Attorney's (Firm Name, Address And Telephone Number)
GERALD D. WAHL (P26511)
2000 TOWN CENTER, SUITE 900
SOUTHFIELD, MI 48075
248-355-0300

Case: 2:06-cv-12392
Assigned To: Zatkoff, Lawrence P
Referral Judge: Pepe, Steven D
Filed: 05-26-2006 At 11:20 AM
CMP KENNETHH EID V. SAINT GOBAIN ABRASIVES INC (DA)

## II. BASIS OF JURISDICTION (Place An "X" In One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place An "X" In One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**TORTS — PERSONAL INJURY (cont.)**
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury— Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place An "X" In One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite The US Civil Statute under which you are filing (Do Not Cite Jurisdictional Statues Unless Diversity):
Title VII, 42 USC §1981
Brief description: Wrongful Discharge in violation of Title VII, §1981, and analogous state statutes

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND: In excess of $300,000
- JURY DEMAND: [X] YES  [ ] NO (CHECK YES only if demanded in complaint)

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE: Gene Schnelz
DOCKET NUMBER: 06-073872-CD

DATE: May 26, 2006
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**PURSUANT TO LOCAL COURT RULE 8 (b)(3)(i)**

IS THIS A CASE THAT HAS BEEN PREVIOUSLY DISCONTINUED OR
DISMISSED WITHOUT PREJUDICE OR REMANDED TO A STATE COURT? ☒ YES ☐ NO

(b) IF **YES** GIVE THE FOLLOWING INFORMATION:     CASE NO: 06-609434-CD

    COURT   Oakland County Circuit Court      ASSIGNED JUDGE: Gene Schnelz

    Case voluntarily dismissed before service made

**PURSUANT TO LOCAL COURT RULE 8 (b) (3) (ii)**

(a) OTHER THAN STATED ABOVE, ARE THERE ANY PENDING OR PREVIOUSLY
DISCONTINUED OR DISMISSED COMPANION CASES (cases in which it appears
substantially similar evidence will be offered at trial or the same or related parties are    ☐ YES ☒ NO
present and the cases arise out of the same transaction or occurrence) IN THIS OR
ANY OTHER COURT, INCLUDING STATE COURT?      See above

(b) IF **YES** GIVE THE FOLLOWING INFORMATION:     CASE NO:

    COURT      ASSIGNED JUDGE: