**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KENNETH EID,

      Plaintiff,

                                  CASE NO. 06-12392
v.                                  HON. LAWRENCE P. ZATKOFF

SAINT-GOBAIN ABRASIVES, INC.,

      Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 16, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motions in Limine to (1) strike Plaintiff's discrimination claims that occurred more than 300 days before he filed his charge of discrimination with the EEOC [dkt #35]; and (2) to strike any evidence or arguments relating to the EEO-1 report [dkt. #34]. Both motions are fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, (1) Defendant's motion to strike evidence of claims that occurred more than 300 days before Plaintiff filed his charge with the EEOC is DENIED; and (2) Defendant's motion to strike evidence relating to the EEO-1 report is GRANTED.

## II.  DISCUSSION

A.      **Defendant's Motion to Strike Pre-charge Conduct**

Defendant requests that the Court strike evidence of discriminatory conduct that took place more than 300 days before Plaintiff filed his charge of discrimination with the EEOC. In support of this position, Defendant relies on *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). In *Morgan*, the Supreme Court held that "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period ... set forth in 42 U.S.C. § 2000e-5(e)(1)." *Id.* at 122. Defendant maintains that since Plaintiff's evidence of discrimination involves conduct that took place more than 300 days before he filed his charge with the EEOC (specifically the allegedly discriminatory remarks of Plaintiff's supervisor throughout 2004) he should not be allowed to present that evidence to the jury. The Court disagrees with Defendant's reading of *Morgan*.

When a plaintiff raises a claim of a discrete discriminatory act, the plaintiff must file a charge of discrimination within the applicable time limits or else lose the ability to sue based on that act. *Id.* There is no question that Plaintiff's claim is based on a discrete discriminatory act (his termination) and that Plaintiff filed a timely charge with the EEOC based on the termination. Therefore, Plaintiff can properly bring a cause of action based on his termination in September 2005. Nevertheless, Defendant seeks to use the time limits for filing a charge with the EEOC to prevent Plaintiff from introducing relevant evidence supporting his discrimination claim. The holding in *Morgan* does not support this position.

*Morgan* stands for the relatively clear position that a plaintiff must file a charge within the appropriate time period after a discrete discriminatory act in order to later bring a cause of action based on that act. For example, where a plaintiff is discharged, the plaintiff must file a charge with

the EEOC within the appropriate number of days in order to bring a cause of action based on the belief that the discharge was discriminatory. This does not mean that the plaintiff cannot present evidence supporting the timely claim of discrimination just because that evidence is based on events that took place more than 300 days prior to an EEOC charge. Indeed, the Supreme Court recognized as much in *Morgan*, stating that "the statute [does not] bar an employee from using the prior acts as background evidence in support of a timely claim." *Id.* at 113.

In this case, Plaintiff does not claim that the statements made by his supervisor in 2004 constituted actionable conduct in their own right or that his discharge was merely the effect of prior, actionable discrimination. *See Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) ("It is simply insufficient for [the employee] to allege that his termination gives present effect to the past illegal act and therefore perpetuates the consequences of forbidden discrimination. The emphasis is not upon the effects of earlier employment decisions; rather it is upon whether any present *violation* exists."); *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) ("[A] discriminatory act which occurred before the statute was passed ... may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences ...."). Rather, Plaintiff seeks to use the comments of his supervisor as evidence that his discharge in 2005 was motivated by prejudice as to his race, ethnicity and/or national origin. *Morgan* does not prevent Plaintiff from doing so. *See, e.g.*, *Stewart v. Rutgers*, 120 F.3d 426 (3d Cir. 1997) (permitting evidence of past acts of discrimination where the plaintiff sought to use such acts to show recent conduct of a similar nature was motivated by discrimination and not to create a separate and distinct claim); *James v. KID Broad. Corp.*, 559 F. Supp. 1153 (D. Idaho 1983) (finding that the plaintiff, who claimed to be a victim of age and religious discrimination, could introduce evidence concerning incidents that

occurred more than 300 days before the plaintiff filed his EEOC claims, even though time-barred, if such evidence was relevant to a timely claim); *Marshall v. Am. Motors Corp.*, 475 F. Supp. 875 (E.D. Mich. 1979). Defendant's motion does not challenge the admissibility of this evidence in any other way. Therefore, Defendant's motion is DENIED.

**B.     Defendant's Motion to Strike Evidence Relating to the EEO-1 Report**

Defendant seeks to exclude any evidence or arguments relating to its EEO-1 report. The EEO-1 report contains statistical data concerning the racial composition of Defendant's workforce. Specifically, the report shows a virtual absence of minority employees. Defendant argues that this evidence should be excluded, as well as any arguments based on these statistics, because its probative value is substantially outweighed by the risk of unfair prejudice and misleading the jury. The Court agrees.

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury ...." Fed. R. Evid. 403. In the present case, the contents of the EEO-1 report merely show the overall racial make-up of Defendant's workforce. They do not bear one way or another on the specific decision to terminate Plaintiff in this case. Moreover, people of Middle Eastern descent are considered "white employees" for purposes of the EEO-1 report. Because the report does not distinguish between Arab-Americans and other "white" Americans, it is virtually meaningless in this case where Plaintiff is attempting to show that a specific Arab-American employee was treated differently because of his race, ethnicity or national origin. Accordingly, the EEO-1 report's probative value is, at best, minimal with respect to Plaintiff's discrimination claims and completely absent with respect to Plaintiff's retaliation claim.

On the other hand, the risk of misleading the jury and unfair prejudice is significant. The

EEO-1 report allegedly shows the virtual absence of any minority employees in Defendant's workforce. However, as mentioned above, it does not accurately reflect the number of Arab-American employees for purposes of a discrimination claim. Therefore, the jury may be misled by a classification that does not distinguish between Arab-Americans and "white" Americans, and may impermissibly infer prejudice against a specific Arab-American based on a general profile of Defendant's workforce. As such, the Court finds that the minimal probative value of the EEO-1 report is substantially outweighed by the risk of misleading the jury and unfair prejudice to Defendant. Therefore, Defendant's Motion is GRANTED.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion in Limine relating to events that occurred more than 300 days before Plaintiff filed his discrimination claim with the EEOC is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion in Limine relating to Plaintiff's use of Defendant's EEO-1 report is GRANTED. Any evidence or arguments relating in any way to the EEO-1 report are, therefore, stricken.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 16, 2008.

s/Marie E. Verlinde
Case Manager (810) 984-3290