UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH EID,

    Plaintiff,

v.

CASE NO. 06-12392
HON. LAWRENCE P. ZATKOFF

SAINT-GOBAIN ABRASIVES, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Detroit,
State of Michigan, on the 23RD day of May, 2008.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion in Limine to Strike Plaintiff's Claim for Punitive Damages (Docket #36) and Defendants' Motion in Limine to Strike Plaintiff's Race Discrimination and Retaliation Claims (Docket #37). Plaintiff filed a response to each Motion, and Defendant has since filed a reply for each Motion. The Court finds that the facts and legal arguments pertinent to Defendant's Motions are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Defendant's Motions be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion in Limine to Strike Plaintiff's Claim for Punitive Damages and Exclude any Evidence Relating to Punitive Damages is GRANTED IN PART and DENIED IN PART, WITHOUT PREJUDICE, and Defendants' Motion in Limine to Strike Plaintiff's Race Discrimination and Retaliation Claims is GRANTED.

1

## II. BACKGROUND

On December 13, 2007, the Court issued an Opinion and Order (the "Opinion and Order"), wherein the Court set forth the relevant facts in detail. Any recitation of such facts here would be redundant, and the facts as set forth in Opinion and Order are hereby incorporated by reference.

In the Opinion and Order, the Court held that a genuine issue of fact existed such that Plaintiff's race discrimination claims pursuant to Title VII, *i.e.*, those asserted pursuant to 42 U.S.C. §2000e-2(a)(1) (Count II), as well as the related retaliation claims could be presented to the jury (Counts VI and VII). At that time, Defendant did not argue that such claims were barred by Plaintiff's failure to include a claim of race discrimination in filing his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). Defendant now asserts such a defense. Likewise, Defendant did not move to strike Plaintiff's claim for punitive damages prior to the Court rendering the Opinion and Order but now asks the Court to do so.

## III. ANALYSIS

### A. Federal Race/Race Retaliation Claims Barred

In filing a Notice of Charge of Discrimination with the EEOC ("Notice"), Plaintiff indicated that he had been discriminated against on the basis of National Origin, Age and Retaliation. The boxes for Race, Color, Sex, Religion and Disability were left blank. The Sixth Circuit has held that "if a plaintiff did not first present a claim to the Equal Employment Opportunit[y] Commission, that claim may not be brought before the federal courts ...." *Tisdale v. Federal Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (*quoting Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)). In other words, federal courts do not have subject matter jurisdiction to hear Title VII claims unless (1) the claimant files the claim in the Notice, or (2) the claim can be "reasonably expected to grow out of" the Notice. *Strouss v. Michigan Dept. Of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001). In this case, Plaintiff did not assert a race discrimination claim in his Notice because he did not check the Race box.

Plaintiff argues that such a technical defect should not operate as a bar to his federal race discrimination claims because it would be an unduly harsh penalty to impose on a plaintiff who submitted his own Notice. The Court finds several deficiencies in Plaintiff's argument. First, all of the cases relied on by Plaintiff are from circuit courts of appeals other than the Sixth Circuit, the circuit whose law this Court must follow. Second, at the time of filing his Notice, Plaintiff was represented by counsel. Therefore, the instant case is distinguishable from the primary case relied on by Plaintiff, *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970), and is consistent with Sixth Circuit precedent. *See Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991) (holding that a race discrimination claim is barred when a plaintiff represented by counsel checked the National Origin box but did not check the Race box). Moreover, it is clear that at the time his Notice was filed with the EEOC, Plaintiff had no intent of filing a race discrimination claim. This is evidenced by a letter prepared by Plaintiff's counsel to Defendant before his Notice was filed. Therein, Plaintiff's counsel stated, "I will be filing an 'on-the-behalf-of charge' of national origin discrimination with the EEOC." The letter included no reference to race discrimination or any retaliation on the basis of any complaint(s) of race discrimination.

Finally, Plaintiff's argument that his race discrimination claim could reasonably be expected to grow out of his Notice is misplaced. Although the facts underlying a claim of race and national origin discrimination may be the same (and would appear to be the same in this case), there is no basis for finding that national origin and race are interrelated. Rather, "[t]he legislative history enunciates precisely that a person's national origin has nothing to do with color, religion, or race." *Roach v. Dresser Indus. Valve & Instr. Div.*, 494 F.Supp. 215, 216 (W.D. La. 1980). *See also Ang*, 932 F.2d at 546.

For the foregoing reasons, the Court finds that Plaintiff's race discrimination claims under Title VII are barred. Accordingly, Plaintiff's federal retaliation claims based on racial discrimination are also barred. For the foregoing reasons, Defendant's Motion in Limine to Strike Plaintiff's Race Discrimination and Retaliation Claims shall be granted, *i.e.*, Counts II, VI and VII

3

of Plaintiff's Complaint are hereby struck and shall not be pursued at trial.

**B.     Punitive Damages**

Since the U.S. Supreme Court rendered its decision in *Kolstad v. American Dental Assoc.*, 527 U.S. 526, 529-30 (1999), "[p]unitive damages are limited ...to cases in which the employer has engaged in intentional discrimination and has done so 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" In the majority's view, "Congress plainly sought to impose two standards of liability - one for establishing a right to compensatory damages and another, higher standard that a plaintiff must satisfy to qualify for a punitive award." *Id.* at 534. In practical terms, this means that punitive damages are not authorized in every case in which a plaintiff prevails on liability. *Id.*

In light of *Kolstad*, federal district courts, as well as the Sixth Circuit, have concluded that "the punitive damages aspect of the trial [must be] bifurcated from the liability and compensatory damages aspect of the trial." *See Sackett v. ITC DeltaCom, Inc.*, 374 F.Supp.2d 602 (E.D. Tenn. 2005). *See also White v. Burlington Northern & Santa Fe Railway Co.*, 364 F.3d 789, 806 (6th Cir. 2004) (remand to district court to decide whether a new trial on punitive damages was appropriate); *Hall v. Cons. Freightways Corp. Of Delaware*, 337 F.3d 669 (6th Cir. 2003) (citation omitted) (adopting two ways to prove the requisite mental state: (1) showing relevant individuals knew of or were familiar with antidiscrimination laws and the employer's policies for implementing those laws but discriminated despite this knowledge, or (2) showing defendant acted with reckless disregard for federally protected rights by showing defendant's employees lied, either to the plaintiff or to the jury, in order to cover up their discriminatory actions). In isolating the punitive damages phase of the trial from the liability and compensatory damages phase of the trial, some courts have concluded that the district court must perform a "gatekeeper" function to determine whether punitive damages are available in a particular case. *See, e.g., Sackett*, 374 F.Supp.2d at 618.

In performing this "gatekeeper" function, the Court believes it must make a preliminary finding that Plaintiff may be able to meet the higher showing required for punitive damages before

4

submitting the issue to a jury for consideration. *Kolstad*, 527 U.S. at 534; *White*, 364 F.3d at 808. In doing so, the Court ensures that a Title VII case meets the necessary criteria to meet the two-step system set forth in *Kolstad, supra*. The parties do not dispute this issue. Rather, the parties disagree about the stage of the proceedings at which the Court is to make the decision about whether there is sufficient evidence to be presented by Plaintiff from which a reasonable juror could find in Plaintiff's favor on all of the elements of punitive damages. Defendant urges the Court to make such a decision today, whereas Plaintiff argues that the decision should be made by the Court after Plaintiff submits evidence at the liability and compensatory damages phase of trial.

As with the court in *Sackett, supra*, this Court first directs the parties that the when the jury is selected on June 5, 2008, and the case commences on June 9, 2008, the jury trial will concern only issues relevant to liability and compensatory damages. Accordingly, the following issues will not be relevant in the liability and compensatory damages phase of the trial:

> an individual's exact role and authority in the defendant company[], past discriminatory conduct on the part of the company or supervisory employees involved in this case, the existence of an antidiscrimination policy, whether such a policy was enforced, and what a particular individual did or did not know about Title VII.

*Id.* at 605. If consideration of punitive damages is necessary, however, such issues will be of great relevance. And, although the Court reviewed many facts when considering Defendant's motion for summary judgment, the issue of punitive damages was not argued at that time. Therefore, it is possible that there is evidence to which the Court has not been privy that may be relevant on the issue of punitive damages. Significantly, the Court also notes the possibility that the jury could rule in favor of Defendant at trial, thus rendering moot the whole issue of punitive damages.

The Court is not, however, going to make a determination on whether a punitive damages phase of trial is appropriate until at least such time as the Court is aware of all of the evidence which is probative and admissible regarding punitive damages. If the jury finds in favor of Plaintiff, however, the Court also wants to be prepared to promptly rule on the issue of whether this is a case

in which it is appropriate to submit the issue of punitive damages to the jury. In other words, if a "trial" on punitive damages is necessary, the Court intends to have that phase of the trial begin immediately after the jury returns its verdict on liability and compensatory damages (rather than sending the jury home until a later day).

In light of the foregoing, the Court ORDERS the parties to submit to the Court the evidence they propose presenting to the jury in the event a punitive damages phase is necessary. The Court ORDERS that the parties present any such evidence to the Court on or before June 4, 2008, in the form of a written brief.

Finally, as set forth above, the initial phase of trial will focus on whether Defendant is liable to Plaintiff on his claims and, if Defendant is liable, the amount of compensatory damages. Therefore, to the extent that Defendant's Motion is asking the Court to exclude any evidence related to punitive damages at the initial phase of the trial, Defendant's Motion in Limine to Strike Plaintiff's Claim for Punitive Damages and Exclude any Evidence Relating to Punitive Damages is GRANTED. In all other respects, such Motion is DENIED, WITHOUT PREJUDICE, at this time. The Court will revisit Defendant's Motion, if necessary, following the jury's verdict on the issues of liability and compensatory damages.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion in Limine to Strike Plaintiff's Claim for Punitive Damages and Exclude any Evidence Relating to Punitive Damages is GRANTED IN PART and DENIED IN PART, WITHOUT PREJUDICE, and Defendants' Motion in Limine to Strike Plaintiff's Race Discrimination and Retaliation Claims is GRANTED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 23, 2008

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 23, 2008.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290