UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH EID,

    Plaintiff,

v.

    CASE NO. 06-12392
    HON. LAWRENCE P. ZATKOFF
    MAG. STEVEN D. PEPE

SAINT-GOBAIN ABRASIVES, INC.,

    Defendant.
_____/

**OPINION & ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 27, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on Defendant's Motions in Limine (1) to Exclude Attorney Correspondence [dkt 33] and (2) to Exclude Audiotape Recorded by Plaintiff [dkt 38]. The parties have fully briefed both Motions. The Court finds that the parties have adequately set forth the relevant law and facts such that oral argument would not aid in the disposition of the instant Motions. *See* E.D. Mich. LR 7.1(e)(2). Accordingly, the Court ORDERS that the Motions be decided on the briefs submitted. For the reasons set forth below, Defendant's Motion to Exclude Attorney Correspondence [dkt 33] is GRANTED and Defendant's Motion to Exclude Audiotape Recorded by Plaintiff [dkt 38] is GRANTED.

**II. BACKGROUND**

After being terminated from his employment with Defendant, Plaintiff brought this suit, alleging racial, ethnic, age, and national-origin discrimination as well as retaliation, breach of

contract, unjust enrichment, and quantum meruit. The Court has previously dismissed Plaintiff's claims of age discrimination, unjust enrichment, and quantum meruit. The facts of this case are thoroughly set forth in the Court's December 12, 2007, Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment [dkt 32].

### III. ANALYSIS

#### A. DEFENDANT'S MOTION TO EXCLUDE ATTORNEY CORRESPONDENCE

At trial, Defendant seeks to exclude any reference to a letter written by its associate general counsel to Plaintiff's counsel on December 9, 2005. Defendant contends that the written correspondence "was drafted in the context of settlement negotiations and for such purposes." Accordingly, Defendant maintains that the letter is inadmissible under Federal Rule of Evidence 408, which prohibits the introduction of "conduct or statements made in compromise negotiations regarding the claim" when offered to establish liability. Fed. R. Evid. 408(a)(2).

Plaintiff responds that the correspondence was not made in the context of settlement negotiations and, even if it had been, the letter at issue contains statements of fact that impeach the deposition testimony of several individuals involved in this matter. As such, Plaintiff contends that the factual statements contained in the letter constitute admissions and are therefore permissible under the rules of evidence.

Rule 408 sets forth the circumstances under which evidence may be prohibited because of its connection with settlement discussions:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount . . . . This rule does not require the exclusion of any evidence otherwise

> discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408. Evidence must be excluded under Rule 408 if it tends to show: "(1) either (a) the defendant's offer, or (b) the plaintiff's acceptance of (2) a valuable consideration (3) in compromise of a disputed claim." 23 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5303, at 176 (1980). The policy behind Rule 408 and common-law precedents indicate that the Rule is to be broadly interpreted to cover "those overtures to compromise that do not rise to the dignity of offers but that indicate a desire to resolve the dispute by an agreement. . . . [including] the solicitation of an offer from the opponent, an indication of a willingness to consider some compromise, or statements of intent to make an offer." *Id.* at 178 (citations omitted). The Court enjoys broad discretion in deciding whether to admit or exclude evidence. *See Clay v. Ford Motor Co.*, 215 F.3d 663, 666 (6th Cir. 2000).

On November 10, 2005, Plaintiff's counsel sent a letter of retention to Defendant's Vice President, explaining counsel's "intent to pursue Mr. Eid's remedies in court." The letter concluded, "it has been my experience these claims can be resolved amicably before resort to litigation. As a consequence, I request that you or a representative of your company, contact the undersigned within the next ten business days in order to attempt resolution." In response, Defendant's associate general counsel sent the letter that it now seeks to exclude from introduction at trial. In its letter, Defendant's associate general counsel details at some length facts uncovered during an investigation of Plaintiff's claim in support of her conclusion that "[t]here is no basis for the organization to consider a settlement with your client. We will await service of his complaint." These written

correspondences constitute a solicitation of an offer and a rejection of that solicitation. Consequently, the letter in question was drafted in the context of settlement negotiations. Accordingly, Defendant's Motion is GRANTED.

**B. DEFENDANT'S MOTION TO EXCLUDE AUDIOTAPE RECORDED BY PLAINTIFF**

At trial, Defendant also seeks to exclude introduction of an audiotape recording made by Plaintiff during a telephone conference on August 10, 2005, with Defendant's Human Resources Manager and the National Vice President of Sales. The recording was made without the acquiescence or knowledge of Defendant's representatives. Defendant argues that the audiotape cannot be properly authenticated, is incomplete, and is not supported by an official transcript, thereby rendering it impossible for Defendant to exercise its right to present a complete transcript of the conversation to the jury. Defendant also maintains that the prejudicial effect of the audiotape outweighs its probative value.

Plaintiff responds that the taped conversation "is critical in the history of events leading up to Plaintiff's discharge." Plaintiff further contends that the recording of the meeting "is the pivot upon which many of the proofs in the case . . . accrue." Plaintiff maintains that the recording has not been tampered with in any way and concedes that the missing portion of the tape included a directive by Defendant's representatives that Plaintiff "make amends with Mr. Parker." Plaintiff contends that Defendant cannot show any prejudice that it would suffer if the tape is admitted into evidence.

The admission of tape recordings "rests within the sound discretion of the trial court." *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983). The exercise of the Court's discretion is subject to certain prerequisites: "That discretion presumes, as a prerequisite to admission, that the

4

tapes be authentic, not accurate if not complete, and not trustworthy without complete conversation." *Id.* Further, a recording will not be admissible if it contains unintelligible portions that "are so substantial as to render the recording as a whole untrustworthy." *United States v. Jones*, 540 F.2d 465, 470 (10th Cir. 1976). Attention must be paid to the completion of a recording to ensure that it is framed in its proper context to avoid misleading the jury. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 n.14 (1988). The Rules of Evidence reflect this sentiment by providing that "[w]hen a . . . recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106.

The Court has reviewed the recording at issue. It begins with a period of 10–15 seconds of silence after which it begins to record a conversation that seems to have just gotten underway. The next 45 minutes of the tape are generally audible and relate the ordinary, uninterrupted course of the conversation between Plaintiff and Defendant's representatives. Inaudible moments are infrequent and, when they do occur, are brief in duration. The recording ends abruptly during what appears to be the concluding portion of the conversation. No transcript was made of the telephone meeting; therefore, the unrecorded segment of the conversation is not memorialized anywhere, save the memories of the three participants. It seems that the individuals who participated in the phone conversation are currently available to testify directly about the telephone meeting in its entirety. In light of the incompleteness of the audiotape and the availability of the meeting's participants, Defendant's Motion is GRANTED.

## IV. CONCLUSION

For the above reasons,

IT IS ORDERED that Defendant's Motion in Limine to Exclude Attorney Correspondence is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Exclude Audiotape Recorded by Plaintiff is GRANTED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 27, 2008


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 27, 2008.


s/Marie E. Verlinde
Case Manager
(810) 984-3290