UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH EID,

    Plaintiff,

v.

CASE NO. 06-12392
HON. LAWRENCE P. ZATKOFF

SAINT-GOBAIN ABRASIVES, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron
State of Michigan, on the 4th day of June, 2008.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Reconsideration (Docket #57). No response is permitted to a Motion for Reconsideration. The Court finds that the facts and legal arguments are adequately presented in Plaintiff's Motion, and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2) and 7.1(g), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiff's Motion for Reconsideration is GRANTED I N PART and DENIED IN PART.

**II. BACKGROUND**

On May 23, 2008, the Court granted Defendant's Motion in Limine to Strike Plaintiff's Race Discrimination and Retaliation Claims. In doing so, the Court struck Counts II, VI and VII of Plaintiff's Complaint. Plaintiff now challenges the Court's ruling regarding Counts VI and VII.

1

# III. ANALYSIS

A. **Count VI**

Plaintiff first contends that the Court may have been misled by Defendant's Motion such that the Court mistakenly dismissed Count VI of Plaintiff's Complaint, to wit, a claim of race discrimination pursuant to 42 U.S.C. § 1981. Plaintiff asserts that §1981 claims do not require any filing with the Equal Employment Opportunity Commission, as Title VII claims do. The U.S. Supreme Court has held that no filing with the Equal Employment Opportunity Commission is required for a 42 U.S.C. § 1981 claim. *See Patterson v. McLean Credit Union*, 491 U.S. 164 (1989). For the following reasons, however, the Court denies Plaintiff's Motion for Reconsideration with respect to Count VI.

In *Patterson*, the Supreme Court stated:

> [T]he relevant provision in §1981 protects two rights: "the same right . . . to make . . . contracts" and "the same right . . . to . . . enforce contracts." The first of these protections extends only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment. The statute prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms. But the right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions. ...
>
> The second of these guarantees, "the same right . . . to . . . enforce . . . as is enjoyed by white citizens," embraces protection of a legal process, and a right of access to the legal process, that will address and resolve contract-law claims without regard to race. In this respect, it prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, . . . The right to enforce contracts does not, however, extend beyond conduct by an employer which impairs an employee's ability to enforce through legal process his or her established contract rights. ...
>
> Applying these principles to the case before us, . . . petitioner's racial harassment claim is not actionable under §1981. Petitioner has alleged that during her employment with respondent, she was subjected to various forms of racial harassment from her supervisor. ...
>
> [N]one of the conduct which petitioner alleges as part of the racial

> harassment against her involves either a refusal to make a contract with her or the impairment of her ability to enforce her established contract rights. Rather, the conduct which petitioner labels as actionable racial harassment is postformation conduct by the employer relating to the terms and conditions of continuing employment . . . it is plain to us that what petitioner is attacking are the conditions of her employment.
>
> This type of conduct, reprehensible though it be if true, is not actionable under §1981. . . . Rather, such conduct is actionable under the more expansive reach of Title VII of the Civil Rights Act of 1964.

*Patterson,* 491 U.S. at 176-180.

The Court finds that the facts of this case likewise are not actionable under §1981. Plaintiff has not challenged the employment "contract" or relationship which he entered into with Defendant, nor does he contend that Defendant in any way impaired Plaintiff's ability to enforce established contract rights. Rather, it is clear to the Court that what Plaintiff is attacking is the alleged discriminatory conduct in the termination of his employment, *i.e.*, the conditions of his employment. As the *Patterson* court stated, "such conduct is actionable under the more expansive reach of Title VII . . ." *Id.* at 180. Accordingly, the Court continues to hold that Count VI of Plaintiff's Complaint is dismissed as a matter of law.

**B.     Count VII**

Plaintiff next contends that the Court should not have dismissed Count VII of Plaintiff's Complaint (Title VII Retaliation) because Count VII did not allege retaliation simply on the basis of complaints of race discrimination. In reviewing Count VII, the Court concludes that the alleged retaliation in Count VII is not based solely on complaints of race discrimination, but rather alleges retaliation on the basis of all discrimination allegedly complained of by Plaintiff. As Plaintiff's Title VII claim pursuant to Count IV (National Origin Discrimination) remains at issue in this case, Count VII should not have been dismissed in its entirety. To the extent that Count VII remains, however, Count VII is limited to a claim of retaliation for Plaintiff's alleged complaints of national origin discrimination.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion for Reconsideration is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

                              s/Lawrence P. Zatkoff
                              LAWRENCE P. ZATKOFF
                              UNITED STATES DISTRICT JUDGE

Dated: June 4, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 4, 2008.

                              s/Marie E. Verlinde
                              Case Manager
                              (810) 984-3290