UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH EID,

    Plaintiff,

v.

CASE NO. 06-12392
HON. LAWRENCE P. ZATKOFF

SAINT-GOBAIN ABRASIVES, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 9th day of June, 2008.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

The Court addresses this matter *sua sponte*. In preparation for trial, the Court has reviewed Plaintiff's Complaint, namely Count I. Count I is a claim for ethnic discrimination pursuant to 42 U.S.C. § 1981. For the reasons that follow, the Court hereby dismisses Count I.

**II. BACKGROUND**

Plaintiff's allegations of ethnic discrimination stem from alleged remarks by his supervisor, Pat Parker, while Plaintiff was employed by Defendant. As discussed in the Court's Opinion and Order dated December 13, 2007, Plaintiff alleges that such remarks are evidence of discriminatory intent with respect to his termination of employment.

**III. ANALYSIS**

As this Court discussed in its Opinion and Order dated June 4, 2008, the Supreme Court has

1

stated:

> [T]he relevant provision in §1981 protects two rights: "the same right . . . to make . . . contracts" and "the same right . . . to . . . enforce contracts." The first of these protections extends only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment. The statute prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms. But the right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions. ...
>
> The second of these guarantees, "the same right . . . to . . . enforce . . . as is enjoyed by white citizens," embraces protection of a legal process, and a right of access to the legal process, that will address and resolve contract-law claims without regard to race. In this respect, it prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, . . . The right to enforce contracts does not, however, extend beyond conduct by an employer which impairs an employee's ability to enforce through legal process his or her established contract rights. ...
>
> Applying these principles to the case before us, . . . petitioner's racial harassment claim is not actionable under §1981. Petitioner has alleged that during her employment with respondent, she was subjected to various forms of racial harassment from her supervisor. ...
>
> [N]one of the conduct which petitioner alleges as part of the racial harassment against her involves either a refusal to make a contract with her or the impairment of her ability to enforce her established contract rights. Rather, the conduct which petitioner labels as actionable racial harassment is postformation conduct by the employer relating to the terms and conditions of continuing employment . . . it is plain to us that what petitioner is attacking are the conditions of her employment.
>
> This type of conduct, reprehensible though it be if true, is not actionable under §1981. . . . Rather, such conduct is actionable under the more expansive reach of Title VII of the Civil Rights Act of 1964.

*Patterson v. McLean Credit Union*, 491 U.S. 164, 176-80 (1989).

The Court finds that the facts of this case likewise are not actionable under §1981. Plaintiff has not challenged the employment "contract" or relationship which he entered into with Defendant, nor does he contend that Defendant in any way impaired Plaintiff's ability to enforce established

2

contract rights. Rather, it is clear to the Court that what Plaintiff is attacking is the alleged discriminatory conduct in the termination of his employment, *i.e.*, the conditions of his employment. As the *Patterson* court stated, "such conduct is actionable under the more expansive reach of Title VII . . ." *Id.* at 180. Accordingly, the Court holds that Plaintiff's claim of ethnic discrimination set forth in Count I of Plaintiff's Complaint is not viable and must be dismissed as a matter of law.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, Count I of Plaintiff's Complaint (Ethnic Discrimination pursuant to 42 U.S.C. § 1981) is hereby DISMISSED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 9, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290